## Commonwealth v. Roleck.

*Criminal law and procedure — Information — Charge—Indictment—Sufficiency—Intoxicating liquors—Prohibition Enforcement Act of March 27, 1923.*

1. It is not necessary that the transcript of the magistrate upon which an indictment is based should follow strictly the language used in the statute which it is charged the defendant has violated. It is sufficient if the district attorney has received such information as brings to his knowledge the nature and character of the offence, so as to enable him to frame the proper indictments.

2. An indictment charging a violation of the Prohibition Enforcement Act of March 27, 1923, P. L. 34, in the precise language of the act is sufficient. It is not necessary that the indictment should aver the character of the defendant's business, where the liquor was sold or possessed, the character of the place, to whom the sale was made and why the sale and possession were unlawful.

3. Section 13 of the Prohibition Enforcement Act of March 27, 1923, P. L. 34, expressly provides that it shall be unnecessary in any complaint, information, indictment or other pleadings to negative any proviso or exception contained in the act.

4. In a case where defendant was arrested upon a charge of violating the Prohibition Enforcement Act, it appeared that his place had been raided by the State police in pursuance of a search warrant. The police had bought whiskey from him and had seen a number of men under the influence of liquor in the place, and on the raid had found cider and whiskey on the premises. Defendant denied all knowledge of the whiskey and his wife claimed that it had been given to her at least six years ago, prior to prohibition. A chemist testified that the whiskey was moonshine whiskey not aged: *Held,* that defendant had been properly convicted; motions in arrest of judgment and for new trial refused.

Motions in arrest of judgment and for new trial. Q. S. Luzerne Co., June Sess., 1924, No. 111.

*W. L. Pace,* for defendant.

JONES, J.—The defendant was convicted upon an indictment charging him in two counts with unlawfully selling and possessing intoxicating liquors for beverage purposes in violation of the Act of March 27, 1923, P. L. 34.

This is a motion for a new trial and in arrest of judgment, and the reasons will be considered in the order presented by counsel.

### I.

It is contended that the first count charges an offence and crime not contained or sufficiently described in the complaint or transcript upon which the same is based.

On June 3, 1924, defendant moved to quash the indictment upon the sole ground that the judge, in charging the grand jury, prejudiced the defendant in using language contended by him to be coercive and tending to unduly urge the grand jury to return a true bill, and the motion was refused.

The reason now urged in arrest of judgment should have been embraced in that motion, if defendant deemed the indictment insufficient for that reason.

The transcript on which the indictment was based charges defendant "with having on April 5, 1924, committed the crime of violating the Enforcement Act No. 25, approved March 27, 1923, by having in his possession in his hotel located at Dupont two two-quart jars of moonshine whiskey and one five-gallon jug of cider, and the following facts were established, that the defendant did have unlawful possession of the same, and that David O. Trout, State police officer, did purchase and pay for one drink of whiskey on March 25, 1924, the sum of 25 cents, and, after hearing, defendant gave bail for appearance at court."

This return contains sufficient information upon which the district attorney could frame an indictment; it is not necessary that magistrates who are unlearned in the law should follow strictly the language used in the act. If this were required, there would be few complaints that would stand the test. It is sufficient if the district attorney has received such information as brings to his knowledge the nature and character of the offence so as to enable him to frame the proper indictments. The district attorney has this discretionary power, but it must be exercised under the supervision of the proper court of criminal jurisdiction: Com. *v.* Yakletch, 22 Luzerne Legal Reg. 127; Com. *v.* Frescoln, 11 Lanc. Law Rev. 161.

The information is sufficient if it contains the essential elements of the offence: Com. *v.* Dingman, 26 Pa. Superior Ct. 615.

The defendant was present at the hearing; he was informed that he not only possessed but sold liquor for beverage purpose contrary to the Enforcement Act.

II.

The indictment does not charge an offence under the law.

The Criminal Procedure Act of March 31, 1860, § 11, P. L. 433, provides that every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting the crime.

The indictment is drawn under section 3 of the Act of March 27, 1923, P. L. 34, which provides: "It shall be unlawful for any person to sell, . . . possess . . . within this Commonwealth any intoxicating liquor for beverage purposes."

The indictment is precisely in the language of the act and gives the defendant with certainty the charge against him and informs him in an intelligent manner of the nature of the accusation which he is called on to answer, namely, that he sold, as charged in the first count, and possessed, as charged in the second count, intoxicating liquor for beverage purposes. The crime is so definitely defined that the accused would always be protected from further prosecution on the same charge.

Defendant contends that the indictment should aver the character of the defendant's business, where the liquor was sold or possessed, the character of the place, to whom the sale was made and why the sale and possession was unlawful.

No case in Pennsylvania has been cited to support any such contention. If the defendant desired such information and was entitled to it under the law, he should have asked for a bill of particulars.

III.

It is contended that the provisions or exceptions contained in the act, viz., that the possession or use was for other than personal consumption of the

Commonwealth v. Roleck.

defendant and his family and of his *bona fide* guests when entertained by him, should be negatived, but the latter part of section 13 of the act provides "it shall be unnecessary in any complaint, information, indictment or other pleadings to negative any proviso or exception contained in this act."

## IV.

After the sale on March 25th, in pursuance of a search warrant, the State police raided defendant's place and found a large jug of cider, containing, upon analysis, 6.32 per cent. of alcohol, and two quart bottles, each half full of a liquid called by the chemist moonshine whiskey, containing 47.48 per cent. of alcohol. Upon the trial, the cider and the bottles were offered in evidence to support both counts in the indictment. Defendant contends they were incompetent as to the count charging a sale because the whiskey and cider were found subsequent thereto on April 5th.

The sale was founded upon the testimony of a State trooper, who testified that on March 24th he entered the bar-room kept by the defendant and found small whiskey glasses on the bar and saw a number of men under the influence of liquor; he bought from defendant three drinks of whiskey, one of which he drank and treated two other persons, and purchased another round of four drinks of whiskey, expectorating the drink which he took into a small bottle, which was given to the chemist, analyzed and denominated by him moonshine whiskey; moonshine whiskey was defined by the chemist to be whiskey not aged.

The defendant denied all knowledge of the whiskey; his wife claimed that two jars of moonshine whiskey had been given to her by her brother-in-law, a wholesale liquor dealer in the City of Philadelphia, at least six years ago, prior to prohibition, and that she kept it in the cellarway where it was found by the State troopers in their search.

The sale was on March 25th. The chemist testified that what the trooper bought was moonshine whiskey. Defendant established by his wife that there was moonshine whiskey on the premises at the time of the alleged sale. In the raid on April 5th the officers found moonshine whiskey in the two quart bottles. These exhibits were competent, in connection with all of the testimony in the case, for the jury to determine whether or not the defendant did sell on March 24th any of the moonshine whiskey from these same quart bottles.

The premises were used as a dwelling by defendant and his family, as well as a bar-room. Whether the liquor found was the property of the wife or the defendant, and whether it was used only for the personal consumption of defendant and his family or of his *bona fide* guests, were questions submitted to the jury, and the points submitted by the defendant covering the propositions were all affirmed by the court.

The defendant was properly and justly convicted. Any other verdict than guilty would have been a miscarriage of justice. The defendant boldly admitted that, after the National Prohibition Amendment went into effect four years ago, he entered into the saloon business and, in pursuance of complaints, State troopers made a raid and brought into court this defiant violator of the constitutional amendment, and the jury returned a just and righteous verdict.

Motions in arrest of judgment and for a new trial are denied.

From F. P. Slattery, Wilkes-Barre, Pa.